UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

MARVIN BELSER,

        Plaintiff,                     Case No. 1:16-cv-1205

v.                                          Honorable Robert J. Jonker

HEIDI WASHINGTON et al.,

        Defendants.
_____/

## **OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed as duplicative and, therefore, frivolous.

**Factual Allegations**

Plaintiff presently is incarcerated at the Carson City Correctional Facility. In his *pro se* complaint, Plaintiff complains that over the years of his incarceration in various state prisons, he has suffered deliberate indifference to his serious medical needs; risk of extreme harm by virtue of defendants' failures to protect him; assault, libel, and slander; medical malpractice; violations of the Americans with Disabilities Act; theft of personal property; and disclosure of private information relating to him and his children. Plaintiff sues forty-five defendants.

A few of the forty-five defendants are from the Michigan Department of Corrections in Lansing; but, most from several prisons where Plaintiff has been incarcerated. Some of these prisons are in the Eastern District of Michigan and some are in this district. The events giving rise to Plaintiff's action occurred at the Duane L. Waters Health Center in Jackson, Michigan (Eastern District), the Chippewa Correctional Facility in Kincheloe, Michigan (Western District), the Michigan Reformatory in Ionia, Michigan (Western District), the Saginaw Correctional Facility in Freeland, Michigan (Eastern District), Marquette Branch Prison in Marquette, Michigan (Western District), Baraga Correctional Facility in Baraga, Michigan (Western District), Earnest C. Brooks Correctional Facility in Muskegon Heights, Michigan (Western District), Carson City Correctional Facility in Carson City, Michigan (Western District), and Gus Harrison Correctional Facility in Adrian, Michigan (Eastern District).

The complaint Plaintiff filed in this action on October 6, 2016 (ECF No. 1) is simply a photocopy of the complaint filed on September 12, 2016, in *Belser v. Borgerding*, No. 2:16-cv-13296 (E.D. Mich.).

**Discussion**

I.      Duplicative cases

Plaintiffs generally have "no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendants." *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977). Accordingly, as part of its inherent power to administer its docket, a district court may dismiss a suit that is duplicative of another federal court suit. *See Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976); *Adams v. California Dep't of Health Serv.*, 487 F.3d 684, 688 (9th Cir. 2007); *Missouri v. Prudential Health Care Plan, Inc.*, 259 F.3d 949, 953-54 (8th Cir. 2001); *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138-39 (2d Cir. 2000); *Smith v. SEC*, 129 F.3d 356, 361 (6th Cir. 1997). The power to dismiss a duplicative lawsuit is meant to foster judicial economy and the "comprehensive disposition of litigation," *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952), and protect parties from "the vexation of concurrent litigation over the same subject matter." *Adam v. Jacobs*, 950 F.2d 89, 93 (2d Cir. 1991).

In addition, courts have held that an *in forma pauperis* complaint that merely repeats pending or previously litigated claims may be dismissed under 28 U.S.C. § 1915(e)(2)(i) as frivolous or malicious. *See*, *e.g. McWilliams v. State of Colo.*, 121 F.3d 573, 574 (10th Cir. 1997) (holding that repetitious litigation of virtually identical causes of action may be dismissed under the *in forma pauperis* statute as frivolous or malicious); *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (noting that an action may be dismissed as frivolous under 28 U.S.C. § 1915 when the complaint "merely repeats pending or previously litigated claims); *Pittman v. Moore*, 980 F.2d 994, 994-95 (5th Cir. 1993) (finding that it is "malicious" for a pauper to file a lawsuit that duplicates

allegations of another pending federal lawsuit by the same plaintiff); *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (holding that it was appropriate to dismiss an *in forma pauperis* civil rights suit by prison inmate where suit was duplicative of facts and allegations made in previously dismissed suit, and merely named a different defendant whose actions formed a partial basis for the previous suit); *Risley v. Hawk*, 918 F. Supp. 18, 22 (D.D.C. Cir. 1996) (holding that the district court may dismiss an *in forma pauperis* action where the complaint duplicates the allegations of other pending or previously filed litigation, even where the previously filed actions were filed in different districts); *Hahn v. Tarnow*, No. 06-cv-12814, 2006 WL 2160934, at *3 (E.D. Mich. July 31, 2006).[1]

A complaint is duplicative and subject to dismissal if the claims, parties and available relief do not significantly differ from an earlier-filed action. *See Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993). Although complaints may not "significantly differ," they need not be identical. Courts focus on the substance of the complaint. *See*, *e.g. Bailey*, 846 F.2d at 1021 (holding that a complaint was duplicative although different defendants were named because it "repeat[ed] the same factual allegations" asserted in the earlier case). Here, where the complaints are identical, the Court concludes that the present complaint is duplicative. Therefore, pursuant to the Court's inherent power and 28 U.S.C. § 1915(e)(2)(i), the complaint will be dismissed on the grounds that it is duplicative and frivolous.

---

[1] Prior to April 26, 1996, the provisions in § 1915(e)(2) were set forth at 28 U.S.C. § 1915(d). Thus, *Cato*, *Pittman* and *Bailey* were decided under § 1915(d).

**Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed as duplicative and frivolous under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.

Dated:    October 27, 2016              /s/ Robert J. Jonker
                                        ROBERT J. JONKER
                                        CHIEF UNITED STATES DISTRICT JUDGE